IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATLEE MOORE | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO et al. | : | |
| | : | |
| Respondents. | : | NO. 06-563 |

MEMORANDUM

**Baylson, J.**                                                                                                                                     **August 10, 2006**

## I. Introduction

Pursuant to 28 U.S.C. § 2254, Petitioner Atlee Moore ("Petitioner" or "Moore") filed a *pro se* Petition for Habeas Corpus in this Court on February 28, 2006. This Court referred the case to United States Magistrate Judge Peter B. Scuderi (the "Magistrate Judge") on March 21, 2006. On June 23, 2006, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 7) pursuant to 28 U.S.C. § 636(b)(1)(C) suggesting that this Court dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner filed a response listing various objections to the R&R (Doc. No. 8) on July 7, 2006. Upon independent and thorough consideration of the record and all filings in this Court, Petitioner's objections are overruled and the Magistrate Judge's recommendations are accepted.

## II. Background and Procedural History

On February 7, 2000, Moore entered a negotiated guilty plea to five counts of robbery, and one count each of burglary, possession of an instrument of crime, and violation of the Uniform Firearms Act. Consistent with the terms of this plea, the trial court sentenced Moore to an aggregate term of fifteen to thirty years of imprisonment on the same day. The Superior

Court of Pennsylvania affirmed his judgment of sentence by an order dated September 24, 2001. Commonwealth v. Moore, 785 A.2d 1031 (Pa. Super. Ct. 2001). Moore did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, and is currently serving his aggregated sentence.

In his federal habeas petition, Moore asserted that he is entitled to relief due to ineffective assistance of counsel. Pet. at 2–3. On May 30, 2006, Respondents filed an answer, arguing that the petition should be dismissed as untimely, since it was filed more than two and a half years after the limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expired.

### III. Summary of Magistrate Judge's Report and Recommendation and Petitioner's Objections

In the R&R, the Magistrate Judge concluded that this habeas corpus petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). R&R at 5–6. Since Moore failed to file his petition within one year from the date on which his judgment of conviction became final, the R&R concludes that his writ is time-barred under AEDPA. Under AEDPA, the one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C § 2244(d)(2).

The Magistrate Judge determined that Petitioner's state conviction became final on September 24, 2001 and that he filed his first timely Pennsylvania Post-Conviction Relief Act ("PCRA") petition on August 28, 2002, thus using 338 days of his one-year statutory period. R&R at 4. On May 22, 2003, when the thirty-day deadline for appealing the denial of his petition to the Pennsylvania Superior Court expired, Petitioner's statutory period again began to

run. Id. at 4–5. The one-year grace period for the Petitioner to file a timely § 2254 petition expired twenty-seven days later, on June 15, 2003. The Petitioner, however, filed his federal habeas petition on February 28, 2006, over two and a half years past the statutory deadline. The Magistrate Judge therefore dismissed the request for relief as untimely without addressing its merits. Id. at 7. As for the doctrine of equitable tolling, the R&R determined that the Petitioner had not alleged, and the record did not support a finding that the case presents "valid circumstances" requiring equitable tolling of the statute. Id. at 6.

In his objections to the R&R, Moore argues that his counsel's ineffective assistance should bear on this Court's decision. Specifically, he alleges that he is innocent, that only one of the five robbery victims was able to identify and testify against him, and that his attorney coerced him into pleading guilty by threatening that he would otherwise serve a sentence of fifty to one hundred years of imprisonment. See Pet. at 2–3. Moore does not contend that he was misinformed or unaware of either the conclusion of his state court appeal or the statutory deadline for filing a federal habeas corpus petition.

### IV. Discussion

The Court has carefully reviewed the Magistrate Judge's analysis of the various state and federal filings and their application to AEDPA's tolling provisions. Since the Petitioner did not file his PCRA petition until eleven months after his state court conviction became final, he was left with only twenty-seven days of the one-year AEDPA statutory period in which to file a federal habeas petition. Thus, when Petitioner waited until February 28, 2006 to file his petition for federal habeas relief, it was more than two and a half years late. The Court agrees with the Magistrate Judge's determination that the petition in this case is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

Turning now to Petitioner's objections, the Court finds that the substance of his response reached the merits of his claims but does not concern the doctrine of equitable tolling. In alleging only that he is entitled to relief because his trial counsel was ineffective in advising him regarding his negotiated plea, Petitioner failed to put forward any contention that equitable tolling should apply so as to render his habeas writ timely.

Moreover, the record does not support invocation of that doctrine. The Third Circuit has held that the one-year filing deadline contained in 28 U.S.C. § 2244(d)(1) can be subject to equitable tolling:

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). The only three sets of circumstances that trigger equitable tolling are "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). The "extraordinary" circumstances requirement cannot be met in non-capital cases by "attorney error, miscalculation, inadequate research or other mistakes." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Here, the record does not indicate that Respondents actively misled the Petitioner, or that he timely asserted his rights but in the incorrect forum. Although Petitioner asserts ineffective assistance of counsel, his complaints about his attorney's performance concern the negotiated plea during the state court criminal proceedings and do not relate to Petitioner's inability to meet

the AEDPA limitation period. Moore presents no evidence that he diligently pursued his claims or that he was otherwise prevented from doing so in an extraordinary way.

Petitioner has failed to invoke equitable tolling in this case, nor does the record support any grounds for the doctrine. Therefore, for the reasons stated by Magistrate Judge Scuderi, the Petition for Writ of Habeas Corpus will be dismissed.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATLEE MOORE | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| DAVID DIGUGLIELMO et al. | : | |
| Respondents. | : | NO. 06-0563 |

## **ORDER**

AND NOW, this 10th day of August, 2006, upon careful and independent consideration of the pleadings and the record herein, and after review of the Report and Recommendation of Peter B. Scuderi, United States Magistrate Judge, it is hereby ORDERED as follows:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED with prejudice, as time-barred, under 28 U.S.C. § 2244(d)(1).

3. The Clerk shall close this case.

4. A certificate of appealability is DENIED.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-563 Moore v. Diguglielmo\Moore v. Diguglielmo, 05-563 Habeas.wpd